JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
George F. Kempf Supply Co.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
TRAVIS KREISER, EWING & KREISER, P.C.
500 FAYETTE ST. # 201
CONSHOHOCKEN PA 19428

**DEFENDANTS**
JAMES J MARTIN AND CAROL MARTIN

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. § 1332 – DIVERSITY

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 148,263.79

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

N/A (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 5/11/05

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE F. KEMPF SUPPLY CO.<br>5800 Lindbergh Blvd<br>Philadelphia PA 19143<br>Plaintiff<br><br>v.<br><br>JAMES J. MARTIN<br>209 Horseshoe Ct.<br>Cherry Hill NJ 08034<br><br>CAROL MARTIN<br>209 Horseshoe Ct.<br>Cherry Hill NJ 08034<br>Defendants | CIVIL ACTION<br><br>NO. |

**PLAINTIFF'S COMPLAINT**

Plaintiff, George F. Kempf Supply Company ("Kempf") by and through its undersigned counsel, Ewing & Kreiser, P.C., hereby brings the following Complaint against the above-named Defendants and in support thereof avers as follows:

**THE PARTIES**

1. Plaintiff is a Pennsylvania corporation with a business address at the location stated in the caption.

2. Defendants Carol Martin and James J. Martin are adult individuals residing at 209 Horseshoe Court, Cherry Hill NJ 08034. Carol and James J. Martin are husband and wife.

3. James J. Martin owned and operated a business known as James J. Martin, Inc. (the "Corporation"), which on information and belief, was a New Jersey corporation.

4. James J. Martin, Inc. is not a party to this action.

**JURISDICTION**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the Plaintiff and the above-named Defendants and the amount in controversy exceeds the jurisdictional limit of the Court.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1391(a)(1), because both defendants reside within the territorial limits of this District and the fraudulently conveyed property which is the subject of this action is also located in the territorial limits of this District.

## FACTUAL BACKGROUND

7. James J. Martin approached Kempf and requested that Kempf supply him and the Corporation with material on credit terms and Kempf agreed to supply James J. Martin and his company with material on credit terms (the "Credit Agreement").

8. Under the agreed upon Credit Agreement, all invoices were required to be paid within 30 days and service charges equal to 1 ½ % per month were to be assessed on all balances not paid within 30 days of invoice. Under the Credit Agreement, the Corporation also agreed to pay attorneys fees and other costs of collection in an amount equal to 20% of the past due indebtedness.

9. Prior to June 2003, James J. Martin and the Corporation had purchased large amounts of material from Kempf on credit pursuant to the Credit Agreement, but James Martin and the Corporation had failed to pay for the material supplied on credit in accordance with the Credit Agreement.

10. In early 2003, James Martin and the Corporation expressed a desire to continue purchasing material from Kempf on credit terms and James Martin requested that Kempf continue extending him credit terms.

11. In order to continue supplying James Martin and the Corporation with material on credit terms, Kempf requested and James Martin agreed to execute a Non-Negotiable Promissory Note (the "Note"), setting forth the terms and conditions upon which he would repay the then outstanding balance due under the Credit Agreement for material supplied to him and the Corporation.

12. On or about June 3, 2003, James Martin executed a Non-Negotiable Promissory

Note, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

13. Under the terms of the Note, James Martin agreed to pay the sum of $194,223.27, together with interest at the rate of 10% per annum on the past due balance in 24 monthly installments.

14. James Martin defaulted on the Note by failing and refusing to pay the amounts due thereunder by the dates due, which default also constituted a default under the Credit Agreement.

15. Kempf demanded that James Martin cure the default. A copy of Kempf's letter dated August 17, 2004, demanding that James Martin cure the default is attached hereto as Exhibit "B" and incorporated herein by reference.

16. Despite repeated demands, James Martin never cured the default under the Note.

17. Under the terms of the Note, James Martin owes Kempf the following sums: (a) principal amount past due totaling $125,869.96; (b) accrued interest on past due amounts through May 10, 2005 totaling $15,733.73; (c) a late fee of $6,660.10; and (d) all attorneys' fees incurred to enforce the terms and conditions of the Note, for a total of $148,263.79, exclusive of interest accruing after May 10, 2005 and exclusive of all attorneys' fees incurred to collect the debt due under the Note.

18. After James Martin executed the Note, Kempf agreed to continue supplying James Martin and the Corporation with material on credit terms.

19. James Martin and the Corporation purchased large amounts of material from Kempf throughout 2003 and 2004 on credit terms.

20. Again, James Martin and the Corporation failed to pay Kempf for the materials supplied in a timely manner. In fact, Kempf referred an additional outstanding unpaid balance to counsel totaling $255,327.22, exclusive of the amount due under the Note.

21. Kempf was able to collect some portion of the past due amounts by the filing of construction lien claims, municipal mechanic's lien claims and/or payment bond claims, but a

substantial portion of the debt for material supplied after execution of the Note remains unpaid.

22. All conditions precedent to Kempf's right to payment from James Martin have occurred or been otherwise satisfied and therefore, Kempf has demanded that the James Martin pay Kempf the balances due under the Note.

23. To date, James Martin has failed and refused to pay Kempf any portion of the principal balance due or any of the other damages sustained as a result of the non-payment.

**COUNT I - BREACH OF CONTRACT (the Note)**
**(Kempf v. James Martin)**

24. Kempf hereby incorporates by reference the allegations set forth in Paragraphs 1 through 23 above, as if the same were set forth herein at length.

25. James J. Martin materially breached the Note by failing and refusing to pay Kempf the balance due under the Note, by failing and refusing to pay such sums in a timely manner and by otherwise failing and refusing to comply with the terms of the Note.

26. As a direct and proximate result of Charles Rodgers' material breaches of the Note, Kempf has suffered damages in the amount of $148,263.79, plus interest accruing after May 10, 2005 at the rate of 10% per annum and all attorneys' fees incurred to collect the debt due under the Note.

**COUNT II - FRAUDULENT CONVEYANCE**
**(Kempf v. James and Carol Martin)**

27. Kempf hereby incorporates by reference the allegations set forth in Paragraphs 1 through 26, above, as if the same were set forth herein at length.

28. Prior to 2003, James J. Martin owned the personal residence located at 209 Horseshoe Court in Cherry Hill, Camden County New Jersey (the "Real Property").

29. In a real estate transaction dated March 12, 2003, which was recorded with the Camden County, New Jersey Clerk on April 26, 2003, James J. Martin sold his interest in the Real Property to his wife, Carol Martin for $1.00. A copy of a computer print-out reflecting the $1.00 transaction for sale of the Real Property is attached hereto as Exhibit "C."

30. Kempf was and remains a creditor of James J. Martin, under the Note.

31. James J. Martin transferred the Real Property to his wife, Carol Martin for less than reasonably equivalent value. In other words, the Real Property was worth substantially more than $1.00.

32. James J. Martin transferred the Real Property to his wife Carol Martin with the actual intent and for the purpose of hindering, delaying and defrauding his creditors, including Kempf, as evidenced by, among others, the following facts:

a. The Real Property was transferred to an insider, his wife;

b. James J. Martin essentially retained possession and control of the Real Property after the transfer, because the property was sold to his wife and James Martin continued to reside in the Real Property;

c. James Martin had been threatened with suit prior to the transfer by Kempf;

d. The transfer constituted a transfer of the major asset owned by James Martin, i.e., substantially all of James Martin's assets;

e. James Martin was insolvent after he transferred the Real Property to his wife;

f. The Real Property was transferred for an unreasonable sum, only $1.00; and

g. The transfer occurred at a time when James Martin owed a substantial debt to Kempf and shortly before he incurred further substantial debt with Kempf.

33. At the time of the transfer of the Real Property from James Martin to his wife, Carol Martin, James Martin was engaged in business with Kempf and was about to engage in business with Kempf, knowing that after the transaction, his remaining assets would be unreasonably small in relation to the business and transactions being conducted with Kempf.

34. At the time of the transfer of the Real Property from James Martin to his wife, Carol Martin, James Martin intended to incur a debt with Kempf beyond his ability to pay.

35. James Martin was insolvent at the time he transferred the Real Property to his wife or was rendered insolvent by the transfer.

WHEREFORE, George F. Kempf Supply Company demands judgment in its favor and

against James J. Martin and/or Carol Martin as follows:

a. Entering Judgement in favor of George F. Kempf Supply and against James J. Martin in the amount of $148,263.79, together with pre-judgment interest at the contract rate, post-judgment interest, costs and attorneys' fees as determined by the evidence;

b. Avoiding the transfer of the Real Property to the extent necessary to satisfy the judgment entered against James J. Martin in this action;

c. Entering an injunction against the further disposition or encumbrance of the Real Property by James or Carol Martin;

d. Appointing a receiver to take charge of the Real Property; and

e. Awarding George F. Kempf such other and further relief as the Court deems just and equitable.

EWING & KREISER, P.C.

BY: ______________________
TRAVIS L. KREISER, ESQUIRE
ATTORNEYS FOR PLAINTIFF

Dated: May 11, 2005

# NON-NEGOTIABLE PROMISSORY NOTE

Moorestown, New Jersey

June 3rd, 2003

$194,223.27

James J. Martin of James J. Martin Inc. located at 844 N. Lenola Road Unit 4 Moorestown, NJ 08057-1041 agrees to pay to the order of George F. Kempf Supply Company located at 5800 Lindbergh Blvd, Philadelphia, Pa 19143, or at such other place as the holder hereof may from time to time direct, a certain trade indebtedness in the amount one hundred ninety four thousand, two hundred twenty three dollars and twenty seven cents ($194,223.27) owed to Payee in lawful money of the United States of America, in accordance with the following terms:

1. Repayment. Maker shall repay the balance due under this Note in installments as follows:

a. Time: (24) equal monthly installments of principal and interest, each in the amount of $8,963.68 commencing (6/10/03), and on the (10th) of each month thereafter through 5/10/05

2. Interest Rate. Interest shall accrue from the date hereof on the principal amount outstanding hereunder, from time to time, at the rate of (10%) per annum.

3. Security Interest. George F. Kempf Supply Co. will hold a security interest in the accounts receivable, retentions, contract rights and proceeds James J. Martin Inc. and other related businesses owned by James J. Martin as supported by the filing of UCC-1 documents.

4. Application of Payment. All payments made under this Note shall be applied first to late payment charges or other sums owed to Payee, next to accrued and unpaid interest, if any, and the balance to the repayment of principal arising from the unpaid invoice for material supplied at the earliest date, provided that no principal payment shall be applied to an invoice for which there exists an enforceable payment bond until all non-bonded invoices are paid in full.

5. Prepayment. Maker may prepay this Note in whole or in part at any time, without penalty.

6. Default and Remedies. If the Maker shall fail to make any payment of principal or interest due hereunder on or before its due date, which failure continues for a period of ten (10) days after written notice, the Payee shall be entitled to receive a late charge equal to five percent (5%) on the amount of the unpaid payment as a late payment penalty. If any payment is not made within ten (10) days after written notice, such nonpayment shall constitute a Default hereunder, notwithstanding the payment of late charges hereunder, and shall entitle Payee to all of the rights and remedies specified herein, or otherwise available under applicable law, without notice, any right to cure, or obligation to make demand for payment, except as specifically required herein. Upon a Default, the entire unpaid principal balance of this Note together with all accrued but unpaid interest and other sums due hereunder, shall immediately become due and payable in full and Payee shall have the right to bring suit for such amount and exercise any other remedies available, and Maker does hereby authorize any Clerk of any Court of Record in Pennsylvania or elsewhere to enter judgment by confession against it in favor of the holder of this Note for the full amount of the indebtedness due hereunder, to include interest, costs and actual attorneys fees, expressly waiving summons and other process, and does further consent to the

EXHIBIT A

immediate execution of said judgment, expressly waiving the benefit of any homestead or other exemption laws. Payee may also exercise any or all other rights, powers or remedies it may have or which shall now or hereafter exist at law or in equity.

7. Attorney/Collection Fees Payable. Should George F. Kempf Supply Company refer any past-due balance to any attorney or collection agency for collection efforts, Debtor agrees to pay, upon demand, [illegible] from Debtor together with any other fees, costs or expenses incurred to collect the past-due balance, including court costs. This document and all disputes shall be governed by the laws of the State of Pennsylvania

8. Certain Actions by Payees Shall Not Constitute Waiver. Failure of Payee to exercise any right hereunder shall not constitute a waiver or right to exercise the same or any other right at any subsequent time, and no single or partial exercise of any right or remedy shall preclude other or further exercise of the same or any other right or remedy. The acceptance by Payee of any payment hereunder that is less than payment in full of all amounts due and payable at the time of such payment shall not constitute a waiver of the right to exercise any option hereunder at that time or at any subsequent time, or nullify any prior exercise of any such option without the express written consent of Payee.

9. Payee does not waive, surrender or impair any of its rights under any statute, bond or mechanics lien by acceptance of this promissory note, or the receipt and acceptance of any payment, except as such payment, after application of payments in the order provided for herein, extinguishes the Debt. Charles Rodgers acknowledges that Payee retains all of its rights to collect the amounts due it and to assert such claims or liens as it has in each case.

10. Waivers by Maker. Except for the notice requirements and cure periods provided for herein, Maker waives presentment, protest, demand and notice of dishonor, demand for payment, notice of protest, nonpayment and all other matters or notices of a like nature.

11. Expenses of Collection. In the event that Maker is in Default under the terms of this Note, Maker agrees to reimburse payee immediately upon demand for the full amount of actual attorneys fees and court costs, if any, incurred by Payee in connection with the enforcement or collection of this Note.

12. Choice of Law. This Note is made in the State of Pennsylvania and shall be construed and enforced in accordance with the laws of the State of Pennsylvania.

IN WITNESS WHEREOF, the Maker has caused this Note to be executed in its name and under its seal, with the intent that this be a sealed instrument.

James J. Martin

By: _______________ 6-3-03
(Date)

**James J. Martin Inc.**
**Promissory Note Schedule**

| | Annual Rate | Monthly Rate |
|---|---|---|
| Interest Rate | 10% | 0.8% |
| Principal | $ 194,223.27 | |

| Payment Due Date | Payment | Interest | Principal Applied | Balance Open | Date Payment Received | Amount Paid |
|---|---|---|---|---|---|---|
| 6/10/03 | $ 8,963.68 | $ 1,618.53 | $ 7,346.15 | $ 186,878.12 | | |
| 7/10/03 | $ 8,963.68 | $ 1,557.32 | $ 7,406.36 | $ 179,471.76 | | |
| 8/10/03 | $ 8,963.68 | $ 1,495.60 | $ 7,468.08 | $ 172,003.67 | | |
| 9/10/03 | $ 8,963.68 | $ 1,433.36 | $ 7,530.32 | $ 164,473.36 | | |
| 10/10/03 | $ 8,963.68 | $ 1,370.61 | $ 7,593.07 | $ 156,880.29 | | |
| 11/10/03 | $ 8,963.68 | $ 1,307.34 | $ 7,656.34 | $ 149,223.94 | | |
| 12/10/03 | $ 8,963.68 | $ 1,243.63 | $ 7,720.15 | $ 141,503.80 | | |
| 1/10/04 | $ 8,963.68 | $ 1,179.20 | $ 7,784.48 | $ 133,719.32 | | |
| 2/10/04 | $ 8,963.68 | $ 1,114.33 | $ 7,849.35 | $ 125,869.96 | | |
| 3/10/04 | $ 8,963.68 | $ 1,048.92 | $ 7,914.76 | $ 117,955.20 | | |
| 4/10/04 | $ 8,963.68 | $ 982.96 | $ 7,980.72 | $ 109,974.48 | | |
| 5/10/04 | $ 8,963.68 | $ 916.45 | $ 8,047.23 | $ 101,927.25 | | |
| 6/10/04 | $ 8,963.68 | $ 849.39 | $ 8,114.29 | $ 93,812.97 | | |
| 7/10/04 | $ 8,963.68 | $ 781.77 | $ 8,181.91 | $ 85,631.06 | | |
| 8/10/04 | $ 8,963.68 | $ 713.59 | $ 8,250.09 | $ 77,380.97 | | |
| 9/10/04 | $ 8,963.68 | $ 644.84 | $ 8,318.84 | $ 69,062.14 | | |
| 10/10/04 | $ 8,963.68 | $ 575.52 | $ 8,388.16 | $ 60,673.97 | | |
| 11/10/04 | $ 8,963.68 | $ 506.62 | $ 8,458.06 | $ 52,215.91 | | |
| 12/10/04 | $ 8,963.68 | $ 435.13 | $ 8,528.55 | $ 43,687.36 | | |
| 1/10/05 | $ 8,963.68 | $ 364.06 | $ 8,599.62 | $ 35,087.74 | | |
| 2/10/05 | $ 8,963.68 | $ 292.40 | $ 8,671.28 | $ 26,416.46 | | |
| 3/10/05 | $ 8,963.68 | $ 220.14 | $ 8,743.54 | $ 17,672.92 | | |
| 4/10/05 | $ 8,963.68 | $ 147.27 | $ 8,816.41 | $ 8,856.51 | | |
| 5/10/05 | $ 8,963.68 | $ 73.80 | $ 8,858.51 | $ 0.00 | | |

GEORGE F. KEMPF SPEEDY DELIVERIES BUILDING MATERIALS SINCE 1950 SUPPLY CO.

Tuesday, August 17, 2004

Sent via Certified Mail
Jim Martin
209 Horse Shoe Court
Cherry Hill, NJ 08034-3151

Dear Jim:

As you know, George F. Kempf Supply Co holds a promissory note you signed on 6/3/2003. Presently this note is in default with a balance due of $125,869.96 plus accrued interest through 8/10/04 of $7,342.41. Under the terms of the note an additional 5% penalty is assessed totaling $6,660.10. Also under terms of the note, you have 10 days from the date of this notice to cure the default. In order to cure the default you need to pay $62,745.76 plus the penalty of $6,6660.10 for a total of $69,405.86 by 8/27/04.

If we don't receive the above referenced payment by 8/27/04 we will be forced to refer this matter to our attorney to execute obtain a default judgment. Upon recording the judgment, it will be presented to the local authorities to conduct a sale of your assets in an effort to recover this debt. You will pay the costs associated with this recovery process.

You immediate response and payment to cure the default will save you significant costs. We await your payment.

Sincerely,

Tom K. Bucher
Credit Manager

EXHIBIT B

Cc R. Kempf and T. Kreiser, Esq.

KnowX

Standard | Professional | Unlimited

ChoicePoint

Home | How it Works | Pricing | Contact Us | Site Map | Help | Log Out

ROBERT KEMPF
Status: Standard
Client ID:
Not Chosen

**Related Searches**

- Aircraft $
- Assets $
- Ultimate Business Finder
- Ultimate People Finder
- Watercraft $
- Shareholders $

**Other Info:**

- Search Tips
- Database Info
- Price of Search
- Coverage Area
- Example Record

## Real Estate Records

### DETAIL RECORD

NEW SEARCH | RETURN TO YOUR SUMMARY

| | |
|---|---|
| Buyer Name: | CAROL MARTIN |
| Seller Name: | JAMES J MARTIN |
| Buyer's Address: | 209 HORSE SHOE CT<br>CHERRY HILL NJ 08034 -3151 |
| Property Address: | 209 HORSE SHOE CT<br>CHERRY HILL NJ 08034 -3151 |
| County: | CAMDEN |
| Postal Code: | NJ |
| Recording Date: | Apr 26 2003 |
| Parcel Number: | 00404-0031-00021 |
| Contract Date: | Mar 12 2003 |
| Sales Price: | $1 |

THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY. CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE OFFICIAL GOVERNMENT AGENCY.

NEW SEARCH | RETURN TO YOUR SUMMARY

### DETAIL RECORD

People Who Bought Real Estate Records Also Bought:

## Lien Records

Debtor:

Secured Party:

State: All States

Filing Number: GO!

Identify claims against personal property and uncover whether real estate has been encumbered.

Company Info | Public Records Info | Privacy Statement

Copyright © 2003 KnowX LLC, all rights reserved. KnowX LLC is a ChoicePoint Company. For assistance contact support.

EXHIBIT C